## PARKINSON vs. McKIM.

1. EXAMINATION OF PARTIES. When a party to a suit has been notified under the statute, to appear and be examined as a witness on the trial and appears according to the notice, and is willing to be sworn and examined, he may be examined as a witness in the cause, whether the party who gave the notice wishes it or not, and although he may object to his being examined at the trial.

2. SEALED NOTE : PLEADING. In an action by the indorsee against the indorser, where the plaintiff declares upon a negotiable promissory note in the common form, with the usual averments of presentation, non-payment and notice, a note under seal, indorsed by the payee to the plaintiff, will not support the declaration, and cannot be given in evidence.

3. INDORSEMENT OF SEALED NOTE. A note under seal, although it may be made payable to order, is not negotiable, and the indorsee of such

Parkison vs. McKim.

a note cannot maintain an action upon it in his own name, against either the maker or indorser.

4. SAME. The indorsement of a note under seal is not a legal transfer of the instrument, nor does it make the indorser liable to the holder, or authorize him to insert any guarantee of payment over the indorser's name ; it is nothing more than an authority to the holder to receive the money from the maker.

5. NOTICE : DUE DILIGENCE. In an action upon the indorsement of negotiable paper, the questions as to the sufficiency of notice, and what constitutes due diligence, to ·charge the indorser when the facts are ascertained, or are not disputed, are questions of law for the court, and ought not be submitted to the jury.

ERROR to the District Court for *Iowa* County.

Action of assumpsit, brought by *McKim* against *Parkison*. The declaration contained the common counts, and a special count upon an indorsement of the following sealed note :

"On or before the first day of June next, I promise to pay D. M. Parkison, or order, the sum of two hundred dollars, 'for value received. Witness my hand and seal this 17th day of February, 1840.

    (Signed)  JOSEPH CALDWELL, [Seal]"

"Pay the within to Richard McKim,

    (Signed)    D. M. PARKISON."

Upon the trial of the cause, the plaintiff below offered the note and indorsement in evidence and it was objected to by the defendant, but the court overruled the objection and the note was read. It was proved that the note was presented to the maker at maturity and payment demanded, and that notice of non-payment was given to *Parkison* the indorser, but the precise time of giving the notice could not be fixed ; it was not, however, stated by any of the witnesses, to have been given within less than four days after demand and refusal of payment. It also appeared in evidence that *Parkison* lived within eight miles of Mineral Point, where payment was demanded of the maker.

Previous to the trial, *Parkison* had given notice under the statute, that he wished to have *McKim* sworn and

examined as a witness. *McKim* attended under the notice and was willing to be sworn, but at the trial the counsel for *Parkison* declined calling upon him. He then gave notice to *Parkison's* counsel to have him (*Parkison*) sworn as a witness, and, upon *Parkison* being called and not appearing, he insisted upon being sworn and examined himself, which the court allowed, and to which the defendant's counsel excepted.

The defendant's counsel requested the court to instruct the jury : "That if the jury find that the maker of the note lived at Mineral Point at the time when the note became due, and that the indorser lived within eight miles of there, then a notice of non-payment given to the indorser four days or more after non-payment would not be reasonable notice." The court declined giving the instruction in the form in which it was asked, but instructed the jury : "That in case of non-payment by the maker on the day of payment, the plaintiff could not recover unless he proved that he gave notice of the non-payment to the indorser as soon as, considering the situation of the parties, he reasonably could ; but that the jury must be the judges from the circumstances of the case as proved, whether or not the notice was reasonable."

The jury returned a verdict in favor of the plaintiff for the amount of the note and interest, upon which the court rendered judgment.

*Parkison* sued out a writ of error to reverse the judgment, and assigned the following errors in the proceedings below :

1st. The court below erred in permitting the plaintiff below to be sworn as a witness.

2d. The court erred in permitting the note to be read in support of the declaration.

3d. The court erred in refusing to instruct the jury, as requested by the counsel for the defendant below, and in giving the instructions which it did.

*Moses M. Strong*, for plaintiff in error.

1. The law only authorizes the party giving the notice to be sworn himself, in case the party notified fails to attend or refuses to be examined, and when the notice has been reasonable. In this case, the defendant was not present at the trial, and the notice was given to his counsel during its progress. This notice was not sufficient. The notice previously given to the plaintiff certainly did not authorize him to force himself as a witness in the cause against the will of the defendant.

2. This note is an instrument under seal, and as such is not negotiable. The ordinary indorsement does not authorize the indorsee to maintain an action upon it in his own name, either against the maker or indorser. The action of assumpsit can only be maintained on simple contracts, and a sealed instrument cannot be introduced to support a declaration in that form of action.

3. If the court is asked to give a principle of law, applicable to the case, in charge to the jury, and refuses to do so, it is error. The court was asked to instruct the jury, that if a certain state of facts existed, the notice was not reasonable. This instruction the court refused to give ; but on the contrary, charged the jury, that they must judge whether the notice was reasonable or not, from the circumstances of the case. In both the refusal and the charge given, the court erred. The authorities upon the subject fully establish the principle, that when the facts are ascertained, whether the notice is reasonable or not, is a question of law for the court, and not one of fact for the jury. They also establish the point that, upon the facts in this case, the notice was not reasonable. Chitty on Bills, 509, 510, notes and authorities there referred to ; Byles on Bills, 159 ; *Tindall v. Brown*, 1 T. R. 168 ; *Darbyshire v. Parker*, 6 East, 3, note ; *Lenox v. Roberts*, 4 Pet. Con. Rep. 164, and note ; *Bank of Columbia v. Lawrence*, 1 Pet. 581 ; *Bush v. Swan*, 9 id. 45 ; *Dickens v. Bull*, 10 id. 581.

*F. J. Dunn*, for the defendant in error, cited *Johnson v. Wilson's Admr., ante*, to the point that the sufficiency of notice to the indorser was a question of fact for the jury, and contended that such was the more reasonable rule. Chitty on Bills, 511, 518, note *o; Taylor v. Breden*, 8 Johns. 172; and contended that the objection raised to the note sued on was not well founded. The note has no legal seal to it, and the indorsement has nothing purporting to be a seal. There are common counts in the declaration, and the finding of the jury may have been under some of them, as there was evidence in support of them, and a positive promise to pay was proven.

MILLER, J.    In the tenth section of the act entitled "an act supplemental to the act concerning testimony and depositions, approved February 19, 1841, it is provided that, in all actions or proceedings at law in civil cases, either party may give notice to the adverse party that he wishes to have said party sworn as a witness in such case; and if said adverse party shall not appear at the time of trial, or shall refuse to be sworn or to testify, or shall fail to take and produce his deposition as thereinafter provided, then the party giving such notice, if the notice shall be deemed by the court sufficient, may himself be sworn as a witness in such csuse    The defendant gave the plaintiff notice to appear in court at the trial of the cause and testify. The plaintiff did so appear, and was willing to give evidence as a witness in the cause, when the counsel of defendant declined having him sworn. The plaintiff then gave notice to defendant's counsel at the bar, and during the progress of the trial, that he desired to have him, the defendant, testify in the cause, and when the defendant was called, and made no answer, the court admitted the plaintiff to be sworn and testify as a witness

This is a peculiar and novel statute, but the court must give to it its proper effect. The party is notified to appear to be sworn as a witness, and he must either be

Parkison vs. McKim.

present and consent to be sworn and testify as a witness, or produce his deposition; and in default thereof, the party giving the notice will be admitted as a witness. We are disposed to consider the notified party in the same light as any other witness subpœnaed in the cause. If a witness is subpœnaed by one party and not called, the other party can call him. When a deposition is taken and filed, it becomes the property of both parties, and can be used by either party, on complying with the rules of the court. 8 Serg. & Rawle, 580. If the party shall produce his deposition, taken and executed according to the provisions of the statute and the rules of court, it can be read on either side in evidence. If the party notified shall appear in court at the trial in pursuance of notice, and is willing to give evidence as a witness, he may be sworn, whether the party who notified him calls him to the stand or not. It is not necessary for him even to call upon the opposite party, as was done in this case. In this there was no error.

The plaintiff, as indorsee of a negotiable promissory note, declared against defendant as indorser. The declaration set forth a promissory note and the indorsement thereof to the plaintiff by defendant, before due, with the usual averments of demand of payment and notice of non-payment. The paper offered in evidence was a note under seal; to the reading of which the defendant's counsel objected, which objection was overruled and the testimony admitted. In this the district court committed an error. It was not proper evidence in support of the declaration. The variance between the note set forth in the declaration and the note offered in evidence, is very apparent.

The court charged the jury that, in case of non-payment by the maker on the day of payment, the plaintiff could not recover, unless he proved that he gave notice of the non-payment to the indorser, as soon, considering the situation of the parties, as he reasonably could, but that the jury must be judges, from the circumstances of the case,

as proved, whether the notice was reasonable. In this charge it is considered that the district court erred.

This note, being a note under seal, was not negotiable. 2 Binney, 154; 1 Dallas, 208. The seal stripped it of its negotiability, according to the principles of the law merchant; and consequently the indorsement by the defendant did not vest in the plaintiff a legal right to sue in his own name. If then, the plaintiff has no legal right by virtue of the indorsement to sue the maker in his own name, by what right can he sue the indorser? The indorsement by defendant was not a legal transfer of the note; it was no assignment, but merely an order or authority to the plaintiff to receive the amount of it from the maker. It never can be consistent with the intent of the parties, or with the law, that every man who puts his name on a bond is to be considered as a new drawer of the bond; and, if we stop short of that conclusion, the plaintiff cannot recover. The law is decided to be, that the mere indorser of a bond or a sealed instrument, is not liable in law to the indorsee. 1 Bay (S. C.) 400; *Folwell v. Beaven*, 13 Serg. & Rawle, 311. Nor does such indorsement authorize the holder to insert any guarantee of payment over the indorser's name. Nor will the indorser be liable on an allegation of a promise, unless it be clear and explicit, and clearly established by testimony.

In cases arising upon the indorsement of negotiable paper, the questions as to the sufficiency of the notice, and what shall constitute due diligence, when the facts are ascertained and determined, are of law, and cannot be submitted to the jury. On this point there is a conflict in the decisions, but the weight of authority is in favor of the principle here stated. In England the rule is settled in this way. It is so settled by the supreme court of the United States, which is the rule of decision for this court. Chitty on Bills, 509, 510, 514, 515, 516; 1 T. R. 168; 6 East, 3; *Bank of Columbia v. Lawrence*, 1 Pet. 581; *Lenox v. Roberts*, 4 Pet. Cond. Rep. 164; *Bush v. Swan*, 9 Pet. 45; *Dickens v. Bull*, 10 id. 581.

The case of *Johnson v. Wilson, ante,* was ruled exclusively, on the agreement of the parties, on the subject of demand and notice.

Judgment reversed.